In the Matter of Selig Kaplan, an Attorney, Respondent. Brooklyn Bar Association, Petitioner.

Second Department, June 30, 1969.

*Marshall G. Kaplan* for petitioner.

*Selig Kaplan,* respondent in person.

*Per Curiam.* The petitioner has moved to confirm the report of the Referee. The petition set forth four charges of professional misconduct against the respondent. The report concludes that three of the charges and part of the fourth were sustained.

The charges were based on complaints by four clients of the respondent and the petition also alleges failure of the respondent to respond to requests by the petitioner to attend scheduled hearings of the petitioner's Grievance Committee and to answer the clients' complaints.

The first charge is that the respondent, while acting as the attorney for the executor of a decedent's estate, delayed for more than 10 years in filing estate tax returns, as a result of which the United States Internal Revenue Service asserted claims against the estate for penalties and interest in excess of $8,000, which the respondent failed to satisfy, despite his agreement to hold the estate harmless from such claims. The petition further alleged that (a) the respondent failed to keep his promise to the petitioner's Grievance Committee to promptly " wind up " the estate and the estate was still open in 1968; and (b) he failed to appear at two of three scheduled hearings before the petitioner's committee, despite notice to him by registered mail.

In the second charge it was alleged that the respondent, who had been retained to transfer title to a parcel of real property from the client-complainant to a corporation, collected rents from tenants of the property, for which he never accounted. It was further alleged that, after a purchaser of the property defaulted, the respondent converted the $1,500 down payment and, after the property was resold for $15,500 subject to a purchase-money mortgage, gave his client only $300 from the proceeds of the sale and failed to account for mortgage payments collected by him.

The third charge was that the respondent, who represented a party in an action which was settled in 1965 " on an agreed

statement of facts which was to be submitted to the judge in a short time," failed to do anything further with respect thereto.

The fourth charge alleged that the respondent had persuaded his client-complainant to lend $5,000, which represented part of the proceeds of an insurance policy on the life of her husband, on the note of a named borrower; and that, in liquidation of the loan, several $50 monthly payments were received, but when a default occurred and the complainant contacted the purported borrower, the latter denied making any such note.

The respondent was further charged, with respect to the last three complaints, with failing to answer the complaints although requested by the petitioner to do so.

The Referee found the first three charges were supported by the evidence. However, in view of the fact that the complainant in the fourth charge did not testify at the hearings before him, the Referee found "No evidence to sustain this charge" except as to the respondent's failure to answer it before the petitioner.

All the charges, except to the extent indicated, were fully sustained by the proofs and, accordingly, the Referee's report, finding that the first three charges and part of the fourth were established, should in all respects be confirmed. The Referee found, and such finding is supported by the record herein, that "the respondent's manner of conducting his practice of the law evinces a total disregard of even the minimal standard and practices which members of this learned profession must, and should, sustain".

In our opinion, the respondent is unfit to be a member of the Bar. He has demonstrated "such a deficiency in character and fitness and such an indifference to the standards required of members of the Bar as to require his disbarment" (*Matter of Markowitz*, 28 A D 2d 262, 263).

Accordingly, the petitioner's motion to confirm the Referee's report should be granted. The respondent is adjudged guilty of serious professional misconduct and should be disbarred from the further practice of law, effective forthwith.

RABIN, Acting P. J., HOPKINS, BENJAMIN, MUNDER and KLEINFELD, JJ., concur.

Motion to confirm the report granted. Respondent is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.